**FILED**

**JAN 19 1994**

THOMAS C. CAVER, CLERK
BY _____
    DEPUTY CLERK

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>STANLEY QUINCEY JOHNSON )<br>   a/k/a STAN, )<br>OSSIE O. MCCAULEY, III )<br>   a/k/a LAN LAN, )<br>DONALD FITZGERALD LANCASTER, )<br>MICHAEL DWAYNE ALVIS, )<br>TIMOTHY J. WALKER, JR. )<br>   a/k/a FUJI, )<br>JAMES WAYNE HIGGINS )<br>   a/k/a CHARLIE HIGGINS, )<br>NELSON NIKITHA FEARS )<br>   a/k/a BUCK, )<br>JAJA ZAMBROWSKI DAVIS, )<br>JAMES LEE TRAMMELL, JR. )<br>ALEX DAMANUAL HEARD )<br>   a/k/a CRANE, )<br>ELTIN JAMES BILLINGSLEA )<br>   a/k/a BIG E, )<br>MORRIS RAMSEY )<br>   a/k/a FADE, )<br>ALGIE LEE SHEALEY, JR., )<br>JEFFREY Q. SHEALEY and )<br>JOHN FREDERICK, JR. )<br>   a/k/a POOCHIE )  | CR. NO. 94-25-E<br>[18 USC 922(g)(1);<br>18 USC 924(c)(1);<br>21 USC 841(a)(1);<br>21 USC 846;<br>21 USC 853]<br><br><br><br><br><br><br><br><br><br><br><br><br>INDICTMENT |

The Grand Jury charges:

<u>COUNT ONE</u>

From on or about the 1st day of January, 1992, the exact date being unknown to the grand jury, and continuing up to the filing of this indictment, in the Middle District of Alabama, and elsewhere, the defendants,

      STANLEY QUINCEY JOHNSON a/k/a STAN,
      OSSIE O. McCAULEY, III a/k/a LAN LAN,
      DONALD FITZGERALD LANCASTER,
      MICHAEL DWAYNE ALVIS,
      TIMOTHY J. WALKER, JR. a/k/a FUJI,
      JAMES WAYNE HIGGINS a/k/a CHARLIE HIGGINS,
      NELSON NIKITHA FEARS a/k/a BUCK,
      JAJA ZAMBROWSKI DAVIS,

JAMES LEE TRAMMELL, JR.,
ALEX DAMANUAL HEARD a/k/a CRANE,
ELTIN JAMES BILLINGSLEA a/k/a BIG E,
MORRIS RAMSEY a/k/a FADE,
ALGIE LEE SHEALEY, JR.
JEFFREY Q. SHEALEY and
JOHN FREDERICK, JR. a/k/a POOCHIE,

did knowingly and willfully combine, conspire, confederate and agree together with each other and with divers other persons known and unknown to the Grand Jury to distribute and possess with intent to distribute cocaine base, a Scheduled II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

### A.  OBJECTS OF THE CONSPIRACY

1. It was an object of the conspiracy to knowingly and intentionally possess with intent to distribute cocaine base, a Scheduled II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

2. It was an object of the conspiracy to knowingly and intentionally distribute cocaine base, a Scheduled II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

### B.  MANNER AND MEANS

1. It was part of the conspiracy that the defendants would refer to themselves as the "Cash Money Brothers", a fictitious drug trafficking organization taken from the movie "New Jack City".

2. It was part of the conspiracy that Stanley Quincey Johnson a/k/a Stan would obtain cocaine from his source or sources and provide cocaine base to members of his drug distribution network in

Chambers County, Alabama, which included some of the above-named defendants, and others unknown to the grand jury, who would then distribute the cocaine to other individuals in and around Lanett, Alabama; West Point, Georgia, and elsewhere.

3. It was part of the conspiracy that when Stanley Quincey Johnson did not have cocaine base for a buyer, Stanley Quincey Johnson would arrange for the buyer to purchase cocaine base from Algie Lee Shealey, Jr., and persons known and unknown to the grand jury.

4. It was part of the conspiracy that when Algie Lee Shealey, Jr., did not have cocaine base for a buyer, Algie Lee Shealey, Jr., would arrange for the buyer to purchase cocaine base from Stanley Quincey Johnson, and persons known and unknown to the grand jury.

5. It was part of the conspiracy that Stanley Quincey Johnson would use the business known as "Stan's Automotive", located at 514 2nd Avenue, West Point, Georgia, as a distribution and storage center for cocaine base.

6. It was part of the conspiracy that the defendants would distribute and store their drugs in the West Shawmut community of Lanett, Alabama.

7. It was part of the conspiracy that the above-named defendants would purchase, use and carry firearms during and in relation to the possession and distribution of cocaine base.

### D. OVERT ACTS

In furtherance of the unlawful conspiracy and to effect the objects thereof, in addition to the hereinafter named counts, the

following overt acts, among others, were committed in the Middle District of Alabama and elsewhere:

1. On July 15, 1993, in Troup County, Georgia, Stanley Quincey Johnson a/k/a Stan and Timothy J. Walker, Jr. a/k/a Fuji distributed approximately 4.502 grams of cocaine base, a Scheduled II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2. On August 13, 1993, in Troup County, Georgia, Stanley Quincey Johnson a/k/a Stan distributed approximately 3.850 grams of cocaine base, a Scheduled II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. On November 10, 1993, in Chambers County, Alabama, JaJa Zambrowski Davis and Ossie O. McCauley, III a/k/a Lan Lan used and carried a firearm during and in relation to a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1).

## COUNT TWO

On or about the 23rd day of April, 1992, in Chambers County, within the Middle District of Alabama, the defendant,

### JAMES LEE TRAMMELL, JR.,

having been convicted on or about April 6, 1992, in the Circuit Court of Chambers County, Alabama of possession of cocaine, a crime punishable by a term of imprisonment exceeding one year under the laws of the State of Alabama, knowingly did possess, in and affecting commerce, a firearm, that is, a Stallard 9mm semi-automatic handgun, serial number 047381, in violation of Title 18,

4

United States Code, Section 922(g)().

### COUNT THREE

On or about the 24th day of July, 1992, in Chambers County, within the Middle District of Alabama, the defendant,

JAMES WAYNE HIGGINS a/k/a CHARLIE HIGGINS,

did knowingly and intentionally distribute approximately .237 grams of cocaine base, a Scheduled II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT FOUR

On or about the 20th day of May, 1993, in Chambers County, within the Middle District of Alabama, the defendants,

ALEX DAMANUAL HEARD a/k/a CRANE
and MICHAEL DWAYNE ALVIS,

did knowingly and intentionally distribute approximately .481 grams of cocaine base, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT FIVE

On or about the 20th day of May, 1993, in Chambers County, within the Middle District of Alabama, the defendant,

OSSIE O. McCAULEY, III a/k/a LAN LAN,

did knowingly use and carry a firearm, that is, a semi-automatic handgun, during and in relation to the commission of a drug trafficking crime, for which he may be prosecuted in a court of the United States, that is conspiracy to distribute and possess with intent to distribute cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, all in violation of Title 21, United States Code, Section 924(c)(1).

### COUNT SIX

On or about the 11th day of June, 1993, in Chambers County, within the Middle District of Alabama, the defendants,

OSSIE O. McCAULEY, III a/k/a LAN LAN
and DONALD FITZGERALD LANCASTER,

did knowingly and intentionally distribute approximately 12.235 grams of cocaine base, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT SEVEN

On or about the 17th day of June, 1993, in Chambers County, within the Middle District of Alabama, the defendants,

OSSIE O. McCAULEY, III a/k/a LAN LAN
and MICHAEL DWAYNE ALVIS,

did knowingly and intentionally distribute approximately 16.011 grams of cocaine base, a Scheduled II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT EIGHT

On or about the 6th day of July, 1993, in Chambers County, within the Middle District of Alabama, the defendant,

TIMOTHY J. WALKER, JR. a/k/a FUJI,

did knowingly and intentionally distribute approximately 4.229 grams of cocaine base, a Scheduled II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT NINE

On or about the 6th day of July, 1993, in Chambers County, within the Middle District of Alabama, the defendant,

TIMOTHY J. WALKER, JR. a/k/a FUJI,

did knowingly and intentionally possess with intent to distribute approximately one-half kilogram of cocaine base, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT TEN

On or about the 8th day of July, 1993, in Chambers County, within the Middle District of Alabama, the defendants,

OSSIE O. McCAULEY, III a/k/a LAN LAN
and JAMES WAYNE HIGGINS a/k/a CHARLIE HIGGINS,

did knowingly and intentionally distribute approximately 4.738 grams of cocaine base, a Scheduled II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT ELEVEN

On or about the 12th day of July, 1993, in Chambers County, within the Middle District of Alabama, the defendant,

NELSON NIKITHA FEARS a/k/a BUCK,

did knowingly and intentionally distribute approximately 4.248 grams of cocaine base, a Scheduled II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT TWELVE

On or about the 15th day of July, 1993, in Chambers County, within the Middle District of Alabama, the defendant,

JAJA ZAMBROWSKI DAVIS,

did knowingly and intentionally distribute approximately 3.475 grams of cocaine base, a Scheduled II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT THIRTEEN

On or about the 20th day of July, 1993, in Chambers County, within the Middle District of Alabama, the defendant,

### JAMES LEE TRAMMELL, JR.,

did knowingly and intentionally distribute approximately 4.544 grams of cocaine base, a Scheduled II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT FOURTEEN

On or the 22nd day of July, 1993, in Chambers County, within the Middle District of Alabama, the defendant,

### JAJA ZAMBROWSKI DAVIS,

did knowingly and intentionally distribute approximately 4.275 grams of cocaine base, a Scheduled II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT FIFTEEN

On or about the 5th day of August, 1993, in Chambers County, within the Middle District of Alabama, the defendant,

### JAMES WAYNE HIGGINS a/k/a CHARLIE HIGGINS,

did knowingly and intentionally distribute approximately 3.492 grams of cocaine base, a Scheduled II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT SIXTEEN

On or about the 17th day of August, 1993, in Chambers County, within the Middle District of Alabama, the defendant,

### ALEX DAMANUAL HEARD a/k/a CRANE,

did knowingly and intentionally distribute approximately 3.021

grams of cocaine base, a Scheduled II Controlled Substance, in volition of Title 21, United States Code, Section 841(a)(1).

### COUNT SEVENTEEN

On or about the 3rd day of September, 1993, in Chambers County, within the Middle District of Alabama, the defendant,

**ELTIN JAMES BILLINGSLEA a/k/a BIG E,**

did knowingly and intentionally possess with intent to distribute cocaine base, a Scheduled II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT EIGHTEEN

On or about the 3rd day of September, 1993, in Chambers County, within the Middle District of Alabama, the defendant,

**MORRIS RAMSEY a/k/a FADE,**

did knowingly and intentionally distribute approximately 1.403 grams of cocaine base, a Scheduled II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT NINETEEN

On or about the 22nd day of September, 1993, in Chambers County, within the Middle District of Alabama, the defendant,

**JAMES LEE TRAMMELL, JR.,**

did knowingly and intentionally distribute approximately 4.712 grams of cocaine base, a Scheduled II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT TWENTY

On or about the 1st day of October, 1993, in Chambers County, within the Middle District of Alabama, the defendant,

9

ALGIE LEE SHEALEY, JR.,

did knowingly and intentionally distribute approximately 17.355 grams of cocaine base, a Scheduled II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT TWENTY-ONE

On or about the 13th day of December, 1993, in Chambers County, within the Middle District of Alabama, the defendants,

JEFFREY Q. SHEALEY
and JOHN FREDERICK, JR. a/k/a POOCHIE,

did knowingly and intentionally distribute approximately 10.770 grams of cocaine base, a Scheduled II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT TWENTY-TWO

### FORFEITURE ALLEGATION

As a result of the foregoing offenses, and pursuant to 21 United States Code, Section 853, the defendants shall forfeit to the United States of America any and all property constituting and derived from any proceeds the said defendants obtained directly and indirectly as a result of the violations as alleged in Count 1 through Count 21 of this indictment and any and all property used and intended to be used in any manner and part to commit and to facilitate the commission of the violations as alleged in Count 1 through Count 21 of this indictment, including but not limited to the following:

1. **REAL PROPERTY**

   a. **Parcel One**

   All that parcel of real property, described as follows, together with all appurtenances thereto, improvements thereon, has become and is condemned and forfeit to the United States of America under the provisions of 21 U.S.C. §§ 841, 846, and 853:

   Lots 2, 3, and 4, in Block "B", according to a plat showing Subdivision No. 3 of the C. E. Hill Estate, prepared by J. H. Allen, Engineer, recorded in Map Book 2, Page 39, in the Office of the Judge of Probate of Chambers County, Alabama. Said plat is included herein by reference. Each of the above described lots have a frontage of 25 feet and a depth of 100 feet, and are located in the Northwest Quarter of Section 2, Township 21, Range 28, of Chambers County, Alabama.

   The above described property is that same property conveyed to Charlie J. Johnson and wife, Georgia Mae Johnson by Ella Sue Richmond, a widow, by that certain deed recorded in Deed Volume 204, Page 916, in the Office of the Judge of Probate of Chambers County, Alabama.

   b. **Parcel Two**

   All that parcel of real property, described as follows, together with all appurtenances thereto, improvements thereon, has become and is condemned and forfeit to the United States of America under the provisions of 21 U.S.C. §§ 841, 846, and 853:

   All that tract or parcel of land lying and being in Land Lot 59, of the 16th Land District of West Point, Troup County, Georgia described as follows: Starting at a broken concrete monument found having Georgia Plane Coordinates of North 1,047,214.51, East 187,819.11, said point being the NE corner of the intersection of Second Avenue and Sixth Street; thence South 18 degrees 50 minutes West for 35.00

11

feet to an iron pin set and the Point of Beginning of the tract herein described; thence proceed along the South margin of Sixth Street South 71 degrees 12 minutes East for 218.00 feet to an iron pin set; thence South 18 degrees 50 minutes West for 100.00 feet to an iron pin set; thence North 71 degrees 12 minutes West for 218.00 feet to an iron pen set; thence North 18 degrees 50 minutes East for 100.00 feet to an iron pin set and the Point of Beginning, containing 21,800 square feet (0.501 acre) and being bounded on the North by Sixth Street, on the East, South and West by property of CSX Transportation, Inc., containing 0.501 acre, more or less. This is the same property acquired by Grantor by that deed from CSX Transportation, Inc. and Chemical Bank recorded immediately prior to the recording of this deed in the office of the Clerk of the Superior Court of Troup County, Georgia. A plat of survey of the property was prepared by J. Hugh Camp, R.L.S., Ga. Reg. No. 939, dated November 25, 1992, entitled "Survey for Rod Spraggins of the property of CSX Transportation, Inc.", a copy of which is recorded in the plat records of Troup County simultaneously with the recording of this deed.

Subject to any restrictive convenants contained in the aforementioned deed under which Grantor obtained the property.

c.  **Parcel Three**

All that parcel of real property, described as follows, together with all appurtenances thereto, improvements thereon, has become and is condemned and forfeit to the United States of America under the provisions of 21 U.S.C. §§ 841, 846, and 853:

Beginning at the Southeast corner of the NW 1/4 of Section 2, Township 21 North, Range 28 East, Chambers County, Alabama; thence North 1,552.2 feet to a point; thence West 150.1 feet to an iron pin for a corner and starting point of the parcel to be described and conveyed; thence North 89 degrees 27 minutes West a distance of 204.6 feet to an iron pin for a corner; thence North 00 degrees 01 minute East a distance of 210.0 feet to an iron pin for a corner; thence South 89 degrees 27 minutes East a

distance of 205.6 feet to an iron pin for a corner; thence South 00 degrees 17 minutes West a distance of 210 feet to the starting point. The above parcel containing 0.988 acre and is located in Section 2, Township 21 North, Range 28 East, Chambers County, Alabama. A plat of the above described property was prepared by William L. Morkes, L. S. on May 7, 1979, and is made a part hereof by reference. This is the same property acquired by the parties by deed recorded in Deed Volume 256, Page 182 in the Office of the Judge of Probate of Chambers County, Alabama. This conveyance is made in order to consummate an agreement entered in the divorce of the parties as required by decree of the Circuit Court of Chambers County, Alabama, Case No. DR-91-109.

d. <u>Parcel Four</u>

All that parcel of real property, described as follows, together with all appurtenances thereto, improvements thereon, has become and is condemned and forfeit to the United States of America under the provisions of 21 U.S.C. §§ 841, 846, and 853:

Lots Nos. 4 and 5, in Block B, of the Flowers Subdivision, Division of Part of the Property of Robert L. Rearden, according to a plat prepared by James I. Stanley, Engr., recorded in Plat Book 3, Page 45, in the Office of the Judge of Probate of Chambers County, Alabama. Said plat is included herein by reference. All of the above described property is located in the East Half of the SW 1/4 of Section 12, Township 21 North, Range 28 East, of Chambers County, Alabama.

This being the same property conveyed to Alvin Shealey by two (2) deeds from Janice G. Whorton, one of which is dated November 21, 1986, and the other dated March 25, 1987. Both deeds are unrecorded as of this date.

2. <u>CASH PROCEEDS</u>

Approximately One Hundred Thousand Dollars ($100,000) in United States Currency, in that such sum in aggregate

13

was received directly or indirectly in exchange for controlled substances or is traceable to such an exchange.

3.  **SUBSTITUTE ASSETS**

    If any of the above-described property, as a result of any act or omission of the defendants

    a.  cannot be located upon the exercise of due diligence;
    b.  has been transferred or sold to, or deposited with, a third person;
    c.  has been placed beyond the jurisdiction of the Court;
    d.  has been substantially diminished in value; or
    e.  has been commingled with other property which cannot be subdivided without difficulty;

    it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

14

All in violation of Title 21, United States Code, Sections 841, 846, and 853.

A TRUE BILL:

_____
Foreperson

_____
JAMES ELDON WILSON
United States Attorney

_____
LOUIS V. FRANKLIN, SR.
Assistant United States Attorney

_____
R. RANDOLPH NEELEY
Assistant United States Attorney

_____
JOHN T. HARMON
Assistant United States Attorney